UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAYMOND GONZALEZ,

                                    Plaintiff,

                                                        Case # 08-CV-6299-FPG

v.

                                                        DECISION AND ORDER

SUPT. J. LEMPKE, et al.,

                                    Defendants.


*Pro se* Plaintiff Raymond Gonzalez has brought numerous actions in various federal courts, most of which have been dismissed by the district courts and the Second Circuit because they lacked any factual or legal basis. This action similarly alleges spurious and fanciful claims against numerous employees of the New York State Department of Corrections and Community Services ("DOCCS") Five Points Correctional Facility ("Five Points") in Western New York. Defendants have moved for summary judgment, and despite being granted several extensions of time, Plaintiff has not responded to the motion. For the following reasons, the motion is granted, and this case is dismissed.


## DISCUSSION

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587)

Federal Rule of Civil Procedure 56(e) provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule of Civil Procedure 56(a)(2) also provides that "[e]ach numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."

In this case, Plaintiff was amply advised of the consequences of failing to respond to Defendants' Motion for Summary Judgment. Defendants' motion was served and filed with the *pro se* litigant notice required by *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir.

2001), and that notice is attached as an exhibit to the motion, pursuant to Local Rule of Civil Procedure 56(b).  Since Plaintiff has failed to respond, the Court may assume the truth of Defendant's factual assertions, and proceed to determine if summary judgment is warranted based upon those facts.  *See Morrison v. Dr. Pepper Snapple Group*, 916 F. Supp. 2d 372 (W.D.N.Y. 2013); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

Plaintiff's Complaint appears to allege four main causes of action.  Construing Plaintiff's Complaint liberally because he is proceeding *pro se*, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009), the Complaint arguably alleges (1) that prison officials "blockaded" his grievances that relate to this action; (2) that prison medical officials denied Plaintiff vitamins and a nutritional supplement called "Boost," which Plaintiff alleges he should have received; (3) that prison officials harmed him with a laser ray and with chemical substances through the ventilation system in his cell; and (4) that he was moved to a psychiatric facility against his wishes, and was later confined for five days in isolation upon his return to Five Points from that psychiatric facility.

Regarding Plaintiff's first cause of action regarding access to the grievance process within DOCCS, "there is no constitutional right to access to an inmate grievance process." *Gambino v. Payne*, No. 12-CV-0824, 2013 WL 6092506 (W.D.N.Y. Nov. 18, 2013); *see also Rhodes v. Hoy*, No. 05-CV-836, 2007 WL 1343649, at *2, *6 (N.D.N.Y. May 5, 2007) (noting that inmates have "no constitutional right of access to the established inmate grievance program"); *Davis v. Buffardi*, No. 01-CV-285, 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) ("[p]articipation in an inmate grievance process is not a constitutionally protected right"); *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369–70 (W.D.N.Y. 2005) ("[i]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim"); *Torres v.*

*Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (inmates do not have a protected liberty

interest in having grievances investigated at the level of thoroughness that they desire); *Cancel v.*

*Goord*, No. 00 CIV. 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("inmate grievance

procedures are not required by the Constitution and therefore a violation of such procedures does

not give rise to a claim under § 1983").

On that basis alone, the Defendants are entitled to summary judgment on the first cause

of action. Even assuming *arguendo* that Plaintiff's grievances were somehow tampered with or

"blockaded," Plaintiff cannot show that he suffered any injury, because he was still able to bring

this lawsuit. While the failure to file a grievance could be raised as an affirmative defense by the

Defendants, there is no such claim by the Defendants in this case. Therefore, it is clear that if

any interference with Plaintiff's grievances did occur, it did not cause him any injury, and the

Defendants are entitled to summary judgment on this cause of action.

Plaintiff's second cause of action alleges that he was not provided with the nutritional

supplement "Boost" or with certain vitamins by the prison medical staff, which Plaintiff claims

constituted deliberate indifference to his medical needs[1].

"Deliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976) (internal citation and quotation marks omitted). To show that

---

[1] In one sentence, Plaintiff suggests that this alleged deprivation also constituted "retaliatory mockery because the Plaintiff is bearer of the disease AIDS." However, labeling some act as retaliation does not create a cause of action. Rather, to establish a claim for retaliation for the exercise of a constitutional right, "Plaintiff must first show he was engaged in constitutionally protected conduct, and the conduct was a substantial motivating factor for adverse action taken against him by the defendant." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). Plaintiff's burden is a heavy one, *Lowrance v. Achtyl*, 20 F.3d 529, 534-35 (2d Cir. 1994), and given the ease with which an inmate can claim any prison official's action is retaliatory, courts "examine prisoners' claims of retaliation with skepticism and particular care," *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). Here, Plaintiff has not provided any facts that would even suggest the constitutional right he claims to have exercised, nor that the alleged conduct was taken with any retaliatory motive.

he has been subjected to cruel and unusual punishment, a prisoner must satisfy both an objective and subjective component. *See Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). The objective component examines "the conduct's effect," *id.*, which measures whether there was a deprivation of medical care at all, and whether it was "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). The subjective component examines "the defendant's motive for his conduct," *Wright*, 554 F.3d at 268, which requires a showing that a defendant acted "with deliberate indifference to inmate health." *Salahuddin*, 467 F.3d at 280.

Failing either the objective or subjective component of this test is fatal to Plaintiff's cause of action, and here, Plaintiff fails both prongs. First, Plaintiff has offered nothing to substantiate his conclusory assertion that the supplement "Boost" or that the vitamins he requested were medically required. Without such proof, Plaintiff cannot establish that he suffered a deprivation of care, nor that any alleged deprivation was sufficiently serious to rise to the level of a constitutional violation. That failure alone is fatal to this cause of action. In addition, Plaintiff cannot meet the second prong of the test, in that he has failed to show that the Defendants possessed the requisite state of mind or motivation. Indeed, the Plaintiff's own Complaint recites that the physician at Five Points, Dr. Weinstock, examined Plaintiff on several occasions, and repeatedly told the Plaintiff that "Boost" and his requested vitamins were not medically necessary, so they would not be prescribed for him. Plaintiff was informed that he could purchase these items at the commissary should he choose to do so, but Plaintiff instead believed they should be provided to him free of charge. That a medical doctor disagreed with Plaintiff's desired or requested course of treatment, without more, simply does not create a sufficiently culpable state of mind that could satisfy the second prong of the test.

Although not titled as such, Plaintiff's claims actually sound in either negligence or a disagreement regarding his medical care – neither of which are cognizable under either 42

U.S.C. §1983 or the Eighth Amendment.  *See Smith v. Carpenter*, 316 F.3d 178, 194 (2d Cir. 2003) (negligent medical care does not support a § 1983 claim); *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (disagreement with prison officials about what constitutes appropriate care does not state a claim under the Eighth Amendment).  As such, Defendants are entitled to summary judgment in their favor on the second cause of action.

Plaintiff's third cause of action alleges that he was subjected to "chemical harmful substance and ray laser."  In one part of his Complaint, Plaintiff alleges that on the second day he was in Five Points, these substances were "coming from the ventilator and the ceiling of his cell, which did fall upon the Plaintiff as a snowstorm."  Later, he alleges that the Defendants "throw chemical substance in the meals of the Plaintiff while the Plaintiff eats," and "throw chemical harmful substance into the ear of the Plaintiff when the Plaintiff sleep."  He further alleges that Defendants threw this substance "on his head and did kill the cells of the cranium of the head of the Plaintiff which did caused baldness on the center of the head of the Plaintiff."  Plaintiff alleges that his situation at Five Points is comparable to the situations faced by individuals sent off to concentration camps during World War II.

In a previously dismissed lawsuit brought by Plaintiff in the Northern District of New York, Plaintiff claimed that while housed at DOCCS Upstate Correctional Facility he was being harmed by laser rays, and that prison officials were pumping "infectious harmful chemicals" into his cell through the prison ventilation system, and were also placing them into his lunch.  *See Gonzales v. Wright*, No. 06-CV-1424, 2010 WL 681323 (N.D.N.Y. Feb. 23, 2010).  Having been moved to a different DOCCS facility, Plaintiff has leveled virtually identical claims against officials at Five Points.  In granting Defendants summary judgment in that prior case, Judge Hood stated:

> As the Second Circuit and New York District Courts have steadily recognized, it
> is utterly unjust to haul people into federal court to defend against, and disprove,

delusions. *See, e.g. Pillay v. I.N.S.*, 45 F.3d 14, 17 (2nd Cir. 1995); Lewis v. State of N.Y., 547 F.2d 4, 6 (2nd Cir. 1976); *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993) (*sua sponte* dismissing complaint alleging conspiracy to enslave and oppress), aff'd 41 F.3d 1500 (2nd Cir. 1994). A victimization fantasy, with no existence beyond Plaintiff's insistence, cannot be allowed to pass review under Fed. R. Civ. P. 56(b). "Genuine issue of material fact" must mean substantially more. ... Plaintiff's complaints are mere surmise and consist of conclusory statements that contain no specific allegations of fact indicating a deprivation of rights. Accordingly, the motion for summary judgment should be granted on this issue.

*Id.* at *12.

The same reasoning is equally true in this case, and Plaintiff's fanciful and delusional claims are completely unsupported by even a scintilla of evidence. As a result, Defendants are entitled to summary judgment on the third cause of action.

Plaintiff's fourth and final cause of action alleges that he was moved to a psychiatric facility without cause and against his wishes, and that when he later returned to Five Points, he was confined in isolation for five days. Even assuming that these statements are accurate, they fail to state a claim that could entitle the Plaintiff to relief. As stated in Defendants' Rule 56 Statement of Facts – which is uncontroverted by Plaintiff – "Plaintiff was confined in the OMH mental health satellite unit at Five Points Correctional Facility, and examined by defendants Stephen Price, MD a psychiatrist and the Facility Health Service Director, Daniel Weinstock, MD on August 6 and 7, 2008, respectively, after [Defendant was] smearing feces in his cell to prevent officers from spraying 'chemical harmful substances' on him in his cell by placing substances in the ventilation system and ceiling of his cell."

This cause of action fails for two separate reasons. First, the Second Circuit has held that inmates have no right to housing in a particular facility and no right to procedural due process regarding a transfer to another facility. *McMahon v. Fischer*, 446 F. App'x 354, 357 (2d Cir. 2011) (citing *Matiyn v. Henderson*, 841 F.2d 31, 34 (2d Cir. 1988)).

Second, to the extent Plaintiff is alleging that his five-day segregation upon return to Five Points creates a constitutional violation, this claim also cannot survive.  In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Constitution did not require restrictive confinement within a prison to be preceded by procedural due process protections unless the confinement subjected the prisoner to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  In determining whether a confinement was aytipcal or presented a significant hardship, courts primarily consider the duration and conditions of confinement.  *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009).  In making these determinations, the Second Circuit noted that restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and to be actionable require proof of conditions more onerous than usual.  *Colon v. Howard*, 215 F.3d 227, 231-32 (2d Cir. 2000).  Here, the solitary confinement at issue was five days in length, and there are simply no allegations that would even suggest that the conditions of that confinement were atypical or presented more onerous than usual prison conditions.  As such, Defendants are entitled to summary judgment on the fourth cause of action.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. #85) is GRANTED in its entirety, and this action is dismissed with prejudice.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance

with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk of the Court is directed to

terminate this action.

       IT IS SO ORDERED.

DATED:      August 26, 2014
              Rochester, New York

 

                                  HON. FRANK P. GERACI, JR.
                                  United States District Judge